IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 10, 2002 Session

**STATE OF TENNESSEE v. ARTEZ L. MOREIS**

**Criminal Court for Shelby County**
**No. 99-11512**

---

**No. W2002-00474-CCA-R3-CD  - Filed April 2, 2003**

---

**DISSENTING OPINION**

I respectfully dissent.  For those reasons expressed in *State v. Vernon Dewayne Waller*, No. M2001-02414-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 23, 2002), *perm. to appeal granted,* (Tenn. 2002),  I find no error in the admission of the defendant's prior felony drug convictions for purposes of impeachment.

> The illegal sale of drugs is an extremely profitable criminal enterprise and its very nature involves a sustained intent to violate the law and the use of deceptive practices.  *State v. Christopher Knighton*, No. E2000-00746-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Mar. 14, 2001).  These crimes are normally not detected in the absence of a police undercover operation.  *Id.*  People who deal in drugs frequently suffer an addiction to drugs and commit other crimes to obtain money to buy drugs.  *Id.*  These circumstances all involve elements of dishonesty. *Id.*  We agree with this court's opinion in *State v. Christopher Knighton* and find that the better reasoned view is expressed in those cases which hold that felony drug convictions are relevant to the issue of credibility.

*Id.*

The trial court's decision to admit a prior conviction under Rule 609 will not be reversed on appeal, unless the trial court abused its discretion.  *State v. Blanton*, 926 S.W.2d 953, 960 (Tenn. Crim. App. 1996).  Finding no abuse of discretion, I would affirm the convictions.

DAVID G. HAYES, JUDGE